

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

**Signed June 16, 2009**                                              **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HAZEL POINTE, LP, | § | Case No. 07-35654-BJH-11 |
| DISTINCT DEVELOPMENT LLC, | § | Case No. 07-35655-BJH-11 |
| | § | |
| DEBTORS. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO
THE CONFIRMATION OF THE FIRST AMENDED PLAN OF LIQUIDATION
PROPOSED BY DENNIS S. FAULKNER, CHAPTER 11 TRUSTEE, AND TEXANS
COMMERCIAL CAPITAL, LLC N/K/A CREDIT UNION LIQUIDITY SERVICES, LLC**

On June 4, 2009, a hearing (the "Confirmation Hearing") was held on the confirmation of

the First Amended Plan of Liquidation Proposed by Dennis S. Faulkner, Chapter 11 Trustee, and

Texans Commercial Capital, LLC n/k/a Credit Union Liquidity Services, LLC [Docket No. 304]

(the "Plan"),[1] which was filed by Dennis S. Faulkner, Chapter 11 Trustee, and Texans

---

[1] All capitalized terms which are not defined herein shall have the meanings set forth in the Plan.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO THE CONFIRMATION OF THE FIRST AMENDED
PLAN OF LIQUIDATION PROPOSED BY DENNIS S. FAULKNER, CHAPTER 11 TRUSTEE, AND TEXANS COMMERCIAL
CAPITAL, LLC N/K/A CREDIT UNION LIQUIDITY SERVICES, LLC – Page 1 of 10**
70554844.1

Commercial Capital, LLC n/k/a Credit Union Liquidity Services, LLC (collectively, the "Proponents").

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A. <u>Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a))</u>. This Court has jurisdiction over the Cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and whether it should be confirmed.

B. <u>Burden of Proof</u>. The Proponents have the burden of proving the elements of 11 U.S.C. § 1129(a) and (b) by a preponderance of evidence.

C. <u>Notice</u>. All due, adequate, and sufficient notices of the First Amended Disclosure Statement For The First Amended Plan Of Liquidation Proposed By Dennis S. Faulkner, Chapter 11 Trustee, And Texans Commercial Capital, LLC n/k/a Credit Union Liquidity Services, LLC (the "Disclosure Statement") and the Plan and of the Confirmation Hearing and of all deadlines for voting on or filing objections to the Plan have been given to all known holders of Claims and Interests and all persons who have an interest in the Remaining Real Estate, in accordance with the procedures set forth in the Order (A) Approving the Adequacy of First Amended Disclosure Statement; (B) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Proposed Plan of Liquidation; (C) Approving the Form of Ballot and Notices in Connection Therewith; and (D) Scheduling Certain Dates with Respect Thereto (the "Solicitation Order").

---

[2] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

The Disclosure Statement, the Plan, the ballots, and the Confirmation Hearing Notice (which was attached as Exhibit "A" to the Solicitation Order) were transmitted and served in compliance with the Solicitation Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing and the other deadlines described in the Solicitation Order was given in compliance with the Bankruptcy Rules and the Solicitation Order, and no other or further notice is or shall be required.

D. <u>Solicitation</u>. Votes for acceptance or rejection of the Plan were solicited in good faith and complied with 11 U.S.C. §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Solicitation Order, all other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations. The Proponents have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Solicitation Order and are entitled to the protections afforded in 11 U.S.C. § 1125(e) and the exculpation provisions set forth in the Plan.

E. <u>Distribution</u>. All procedures used to distribute the Plan and the Disclosure Statement to the applicable holders of Claims and Interests and to tabulate the ballots were fair and conducted in accordance with the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all applicable other rules, laws, and regulations.

F. <u>Modifications</u>. Any modifications to the Plan which were announced at the Confirmation Hearing do not adversely change the treatment of any holder of a Claim or Interest who has not accepted, in writing, such modifications, and pursuant to Bankruptcy Rule 3019, such modifications shall be deemed accepted by all holders of Claims and Interests who have previously accepted the Plan. Such modifications do not require additional disclosure under 11

U.S.C. § 1125 or resolicitation of acceptances or rejections of the Plan under 11 U.S.C. § 1126, nor do they require that holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

G. <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1).

    (i) <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>. In addition to Administrative Claims and Priority Tax Claims, which need not be designated, the Plan designates five Classes of Claims and Interests. The Claims and Interests placed in each Classes 1, 2, 3, 4, and 5 are substantially similar to other Claims and Interests in each such Class, thereby satisfying the requirements of 11 U.S.C. §§ 1122 and 1123(a)(1). Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes and the Plan treatment thereof do not unfairly discriminate between holders of Claims or Interests. The Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

    (ii) <u>Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. Article IV of the Plan designates Class 1 as unimpaired, thereby satisfying 11 U.S.C. § 1123(a)(2).

    (iii) <u>Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Article IV of the Plan designates Classes 2, 3, 4, and 5 as impaired and

specifies the treatment of the Claims and Interests in those Classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

(iv) <u>No Discrimination (11 U.S.C. § 1123 (a)(4))</u>. The Plan provides for the same treatment for each Claim or Interest in each respective Class, thereby satisfying 11 U.S.C. § 1123(a)(4).

(v) <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan provides adequate and proper means for its implementation, thereby satisfying 11 U.S.C. § 1123(a)(5).

(vi) <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)</u>. Article V.A of the Plan provides that the Liquidating Trustee administer the Trust Assets, and Article V.B(9)(a) of the Plan provides for the dissolution of the Debtors, thereby prohibiting the issuance of nonvoting equity securities. Thus, the requirements of 11 U.S.C. § 1123(a)(6) are satisfied.

(vii) <u>Selection of Officers and Directors (11 U.S.C. § 1123(a)(7))</u>. In accordance with Article V.B(1) of the Plan, the Proponents disclosed the individuals who will initially serve as the Liquidating Trustee and the process for selecting successors to the Liquidating Trustee, if necessary. Accordingly, this disclosure satisfies the requirements of 11 U.S.C. § 1123(a)(7).

(viii) <u>Future Income of Individual Debtor (11 U.S.C. § 1123(a)(8))</u>. The Debtors are not individuals, and therefore, the requirements of 11 U.S.C. § 1123(a)(8) do not apply to the Cases.

    (ix)    <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code, including provisions for (a) the disposition of executory contracts and unexpired leases; (b) the retention of, and right to enforce, sue on, settle, or compromise (or decline to do any of the foregoing) all claims, rights or causes of action, suits, and proceedings, whether in law or in equity, whether known or unknown, that the Debtors or the Estates may hold against any person or entity; and (c) the treatment of rights of holders of Claims and Interests.

H.    <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Proponents have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2), specifically:

    (i)    The Proponents are proper proponents of the Plan under 11 U.S.C. § 1121(a).

    (ii)    The Proponents have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Disclosure Statement, the ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

I.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. No objections were filed to the Plan, and, pursuant to Bankruptcy Rule 3020(b), this Court may determine that the Plan has been proposed in good faith and not by any means forbidden by law, without receiving evidence on such issues. Therefore, this Court finds that the Proponents proposed the Plan in good faith and not by any means forbidden by law, and the Plan represents extensive arms'-

length negotiations among the Proponents and other parties. As such, the Plan satisfies 11 U.S.C. § 1129(a)(3).

J. <u>Payments for Service or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made for services or for costs and expenses in or in connection with the Cases, or in connection with the Plan and incident to the Cases, has been approved by, or is subject to the approval of, this Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4).

K. <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>. The Proponents have complied with 11 U.S.C. § 1129(a)(5). The identity, affiliations, and method for establishing the compensation of the Liquidating Trustee have been fully disclosed, and the appointment of the Liquidating Trustee is consistent with the interests of holders of Claims against and Interests in the Debtors and with public policy.

L. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. No regulatory commission has any jurisdiction over rates charged by the Debtors. Further, the Plan does not provide for rate changes by the Debtors. Thus, 11 U.S.C. § 1129(a)(6) is not applicable in the Cases.

M. <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies 11 U.S.C. § 1129(a)(7). The liquidation analysis in the Disclosure Statement and the evidence at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence, and (iii) establish that each holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

N. <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Class 1 is a Class that is unimpaired and is conclusively presumed to have accepted the Plan under 11 U.S.C. § 1126(f).

Classes 2, 3, and 4 are Classes of impaired Claims that have voted to accept the Plan in accordance with 11 U.S.C. § 1126(c) and (d).

O. <u>Treatment of Administrative and Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The treatment of Administrative Claims, Priority Tax Claims, and Unsecured Non-Tax Priority Claims pursuant to Article IV.A.1, Article IV.A.2, and Article IV.B.1 of the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(9).

P. <u>Acceptance By Impaired Class (11 U.S.C. § 1129(a)(10))</u>. Classes 2, 3, and 4 voted to accept the Plan. Therefore, at least one (1) Class of Claims or Interests that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider, thus satisfying the requirements of 11 U.S.C. § 1129(a)(10).

Q. <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Proponents have presented uncontroverted evidence and testimony regarding feasibility of the Plan, thus satisfying the requirements of 11 U.S.C. § 1129(a)(11).

R. <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. All fees payable under 28 U.S.C. § 1930, as determined by this Court, have been paid or will be paid on the Effective Date, or as soon thereafter as practicable, pursuant to Article V.B(9)(b) of the Plan, thus satisfying the requirements of 11 U.S.C. § 1129(a)(12).

S. <u>Continuation of Retirement Benefits (11 U.S.C. § 1129(a)(13))</u>. The Debtors are not obligated to pay any "retiree benefits," as defined in 11 U.S.C. § 1114(a), and 11 U.S.C. § 1129(a)(13) is therefore inapplicable.

T. <u>Payment of Domestic Support Obligations (11 U.S.C. § 1129(a)(14))</u>. The Debtors are not obligated to pay "domestic support obligations," as defined by 11 U.S.C. § 101(14A), and 11 U.S.C. § 1129(a)(14) is therefore inapplicable.

U. <u>Payments of Individual Debts (11 U.S.C. § 1129(a)(15))</u>. The Debtors are not individuals, and 11 U.S.C. § 1129(a)(15) is therefore inapplicable.

V. <u>Transfers of Property (11 U.S.C. § 1129(a)(16))</u>. All transfers of property of the Plan shall be made in accordance with applicable nonbankruptcy law, thus satisfying the requirements of 11 U.S.C. § 1129(a)(16).

W. <u>Fair And Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>. Class 5 (the "Rejecting Class") is the only Class that has not accepted, or been deemed to have accepted, the Plan. The evidence at the Confirmation Hearing demonstrates conclusively that (i) no holder of a Claim or Interest senior to the Class 5 Interests will receive or retain more than 100% of the allowed amount of its allowed Claim or Interest and (ii) there are no Interests junior to the Class 5 Interests. Thus, the Plan satisfies 11 U.S.C. § 1129(b) with respect to each of the Rejecting Class and may be confirmed notwithstanding the Proponents' failure to satisfy 11 U.S.C. § 1129(a)(8).

X. <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

Y. <u>Discharge (11 U.S.C. § 1141)</u>. Because (i) the Plan provides for the liquidation of all or substantially all of the property of the Estates and (ii) the Debtors will not engage in business following consummation of the Plan, the Debtors are not entitled to discharges of all Claims and Interests.

Z. <u>Substantive Consolidation.</u> The substantive consolidation of the Estates under the Plan is in the best interest of the holders of Claims and Interests (and other parties in interest).

AA. <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in 11 U.S.C. § 1129.

BB. <u>Satisfaction of Conditions to Confirmation</u>. The conditions to confirmation set forth in Article IX.A of the Plan have been satisfied or will be satisfied by entry of this Confirmation Order or have been waived.

CC. <u>Transfer of the Remaining Real Estate.</u> Texans is acquiring the Remaining Real Estate in good faith and for value, and there has been no collusive conduct with respect to the acquisition of the Remaining Real Estate (as defined under 11 U.S.C. § 363(n)), and Texans is therefore entitled to the protections of 11 U.S.C. § 363(m) and (n) and any applicable or similar bankruptcy and non-bankruptcy law.

DD. <u>Exemption From Securities Laws (11 U.S.C. § 1145(a))</u>. Under 11 U.S.C. § 1145, the beneficial interests in the Liquidating Trust will be exempt from section 5 of the Securities Act of 1933 and any state or local law requiring registration prior to the offering, issuance, distribution, or sale of securities.

EE. <u>Retention of Jurisdiction</u>. This Court may properly retain jurisdiction over the matters set forth in Article XII of the Plan and 11 U.S.C. § 1142.

### End of Order ###

Submitted by:

John N. Schwartz, Esq.
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Ste. 2800
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
Attorneys for Texans Commercial Capital, LLC
n/k/a Credit Union Liquidity Services, LLC